In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00235-CV




JOE THURMAN, INDIVIDUALLY, AND
AS SOLE HEIR OF THE ESTATE
OF AMANDA RENE THURMAN, Appellant

V.

HARRIS COUNTY, TEXAS, Appellee




On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. C-200551860


 


MEMORANDUM OPINION
          Joe Thurman, individually and as sole heir of the estate of Amanda Rene
Thurman, sued Harris County, Texas (“the County”) after his daughter drowned when
the car in which she was riding drove off the Lynchburg Ferry. The trial court
granted the County’s plea to the jurisdiction and dismissed Thurman’s case. In three
issues, Thurman contends that the trial court erred in dismissing the case because (1)
it has concurrent jurisdiction over this case under federal maritime law, (2) appellant
should have been given the opportunity to formally invoke the federal “saving to
suitors” clause,


 and (3) it improperly rendered fact findings pertaining to whether the
County was immune from Thurman’s suit under the Tort Claims Act (“the Act”)


. 
We affirm the order in part, reverse it in part, and remand for further proceedings.  
Background



          At approximately 5:00 a.m. on September 19, 2004, Amanda Thurman was a
passenger in a car driven by David Stokely. According to Thurman’s petition,
Stokely’s car drove onto the Lynchburg Ferry where there was no watchman,
deckhand, able seaman, or other person present to direct Stokely in parking his
vehicle on the ferry. Due to the lack of an attendant, poor lighting and the absence
of any substantial, visible barrier at the far end of the ferry, Stokely’s car drove or
rolled off the ferry and into the waters of the Houston Ship Channel. The only barrier
at the far end of the ferry to prevent a vehicle from driving or rolling off into the
water was a small wire cable, approximately 1/4 inch in diameter, with enough slack
that it allowed Stokely’s car to slide under the cable and into the water. No warning
or other barrier was present. Amanda Thurman was unable to escape and drowned.
          Thurman sued the County for damages arising from Amanda’s death. The
County is identified in the petition as a local governmental unit of the State of Texas
and as the owner of the Lynchburg Ferry that operates ferry boat service in the
navigable waters of the State of Texas. In his pleadings, Thurman concedes that the
County is generally immune from suit under the Texas wrongful death statute.


 
Nevertheless, he argues that the plain language of Section 101.021(2) of the Act
waives the County’s immunity in this case because he has alleged claims for personal
injury and death caused by a condition or use of tangible personal or real property by
the County when a private person would have been liable for these alleged acts and
omissions under Texas law.


 Tex. Civ. Prac. & Rem. Code Ann. §101.021(2)
(Vernon 2005). Thurman’s petition also references two prior occasions when motor
vehicles drove or rolled off of the far end of the Lynchburg Ferry and into the water.
          The County filed a plea to the jurisdiction asserting that the Thurman’s
allegations do not waive its immunity to this suit. The County’s plea also alleged,
without evidentiary support, that Stokely was currently incarcerated “for the crime of
manslaughter in connection with this incident.” 
          After considering the County’s plea and Thurman’s response,


 the trial court
ruled that it lacked jurisdiction because (1) a state district court has no jurisdiction to
hear a maritime case when the incident occurred on a vessel in navigable waters and
(2) under maritime law, an invitee or a licensee is prohibited from asserting a claim
of unseaworthiness against a vessel owner. As a result, the trial court dismissed
Thurman’s suit for lack of subject matter jurisdiction. This appeal followed.
                        Standard of Review for Jurisdictional Challenges
          “A party may contest a trial court’s subject matter jurisdiction by filing a plea
to the jurisdiction.” Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). 
A person may appeal an order that grants or denies a plea to the jurisdiction by a
governmental unit. Tex. Civ. Prac. & Rem. Code §§ 51.104(a)(8), 101.001(3)(D)
(Vernon 2008); Tex. A & M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 841 (Tex. 2007). 
We review a trial court’s order granting or denying a plea to the jurisdiction de novo. 
Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004). When reviewing such an
order, “we consider the facts alleged by the plaintiff and, to the extent it is relevant
to the jurisdictional issue, the evidence submitted by the parties.” Tex. Natural Res. 
Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001). Here, the parties
did not submit any evidence.


 Therefore, we look solely to the allegations in
Thurman’s pleadings.
           A plea to the jurisdiction challenges a trial court’s authority to determine the
subject matter of the cause of action, but without defeating it on the merits. City of
Houston v. Northwood Mun. Util. Dist. No. 1, 73 S.W.3d 304, 308 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (citing Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000)). While the underlying claims may form the context
in which a plea to the jurisdiction is raised, the purpose of the plea is not to preview
or delve into the merits of the case, but to establish the reason why the merits of the
underlying claims need not be reached. Id. 
          In a plea to the jurisdiction, “the pleader must allege facts that affirmatively
demonstrate the court’s jurisdiction to hear the cause.” City of Houston v. Rushing,
7 S.W.3d 909, 913 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). In reviewing
a jurisdictional ruling, we construe the pleadings liberally in favor of the plaintiff,
look to the pleader’s intent, and accept factual allegations as true. Miranda, 133
S.W.3d at 226; Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446
(Tex.1993). We indulge every reasonable inference and resolve any doubts in the
nonmovant’s favor. Miranda, 133 S.W.3d at 228. If the evidence creates a fact
question regarding a jurisdictional issue, then the trial court should not grant the plea
until the fact issue is resolved. Id. at 227-28. If the relevant evidence is undisputed
or fails to raise a fact question on the jurisdictional issue, then the trial court should
rule on the plea as a matter of law. Id. at 228. 
          A trial court’s ruling on a plea to the jurisdiction presents a legal question
which we review de novo. Northwood, 73 S.W.3d at 308. Questions involving the
application of the principles of sovereign and governmental immunity and a party’s
standing to bring an action are the proper subjects of a plea to the jurisdiction. See
Brown v. Todd, 53 S.W.3d 297, 300–02 (Tex. 2001).
Jurisdiction Over Maritime Claims and the “Savings to Suitors” Clause
          The trial court found that it did not have subject matter jurisdiction over
Thurman’s claims because they arose from an occurrence on a vessel within
navigable waters, and because Thurman did not invoke in his petition the “savings
to suitors” clause under maritime law for a state court to have jurisdiction over
maritime claims.


 The trial court found that the federal district courts have exclusive
jurisdiction over Thurman’s claims and that maritime law regarding claims against
a vessel’s owner for seaworthiness preempted and applied to bar Thurman’s state law
claims. The trial court erred in reaching these conclusions. 
          We find no support for the proposition that a plaintiff must affirmatively plead
the “savings to suitors” clause before a state court has jurisdiction of a claim under
maritime law, either in case law or under the Texas Rules of Civil Procedure. As
federal and state courts have recognized, maritime law does not affect a state court’s
subject matter jurisdiction over the action, but instead prescribes the substantive law
governing the state court action. Gen. Chem. Corp. v. De La Lastra, 852 S.W.2d 916,
919–20 (Tex. 1993). Pursuant to the federal “savings to suitors” clause, state courts
have concurrent jurisdiction with the federal courts over maritime actions, but are
constrained by the ‘reverse-Erie’ doctrine which requires that the substantive
remedies afforded by the states conform to governing maritime standards. Id. at 920
(citing 28 U.S.C. § 1333). Accordingly, the trial court erred in holding that, because
Thurman failed to expressly invoke the “savings to suitors” clause in his petition, it
lacked subject matter jurisdiction to hear this case.  
          The trial court also erred in finding that maritime law rather than state law
applied to Thurman’s claims, because the County waived the application of maritime
law. Preemption affecting the parties’ choice of law, but not the choice of forum,
may be waived if not raised in a timely manner. Id.; see also Gorman v. Life Ins. Co.
of N. Am., 811 S.W.2d 542, 545–47 (Tex. 1991) (holding that, where ERISA’s
preemptive effect results in change of applicable law, as opposed to denial of state
court jurisdiction, preemption is affirmative defense that is waived if not pled in
defendant’s answer). Preemption is an affirmative defense. City of Mont Belvieu v.
Enter. Prods. Operating, L.P., 222 S.W.3d 515, 520 (Tex. App.—Houston [14th
Dist.] 2007, no pet.). Accordingly, whether maritime law preempts state law under
the “savings to suitors” clause in this case is a choice of law argument, which may be
waived if not raised in defendant’s answer. See id.; Gorman, 811 S.W.2d at 545–46.
          Here, the record indicates that the County failed to timely raise the issue of the
preemption of maritime law under the “savings to suitors” clause. Accordingly, the
trial court erred in concluding that maritime law regarding claims against a vessel’s
owner for seaworthiness applied to Thurman’s claims. The trial court erred in
holding that it did not have jurisdiction over this case on these grounds, and we
sustain Thurman’s first issue.


 Next, we determine whether the trial court had
jurisdiction under state law. 
Governmental Immunity
          Absent an express statutory waiver, governmental immunity protects political
subdivisions of the State from suit. See Gen. Servs. Comm’n v. Little-Tex Insulation
Co., 39 S.W.3d 591, 594 (Tex. 2001), overruled on other grounds by Tex. Dep’t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217 (Tex. 2004). Governmental immunity
inures to the benefit of a municipality insofar as the municipality engages in the
exercise of governmental functions, except when that immunity has been waived. 
Fort Worth Indep. Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831, 840 (Tex. 2000).
          Governmental immunity from suit defeats a trial court’s subject matter
jurisdiction and is properly asserted in a plea to the jurisdiction. Texas Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Generally, a party suing a
governmental entity must establish consent to sue by reference to either a statute or
express legislative permission. Nivens v. City of League City, 245 S.W.3d 470, 474
(Tex. App.—Houston [1st Dist.] 2007, pet. denied) (citing Mo. Pac. R.R. v.
Brownsville Navigation Dist., 453 S.W.2d 812, 814 (Tex. 1970)).
          Although its primary ground for dismissing this suit was its application of
maritime law, the trial court peripherally considered the application of the Texas
Torts Claims Act and found no waiver of immunity.


 The parties have briefed the
issues concerning the application of the Act to the allegations of this case. 
Accordingly, we consider the application of the Act to Thurman’s claims.
          Fact Findings
          Thurman contends that the trial court erred in making the following fact
findings pertaining to Thurman’s claims under the Act: that (1) the Lynchburg Ferry’s
use of 1/4" cable was a reasonable barrier to keep vehicles on the Ferry from driving
or rolling into the water, and (2) Stokely, the driver, had a blood alcohol level of 0.15
and steered his vehicle off of the Ferry into the Houston Ship Channel. We agree. 
          No discovery or other evidence was before the court to evaluate the
reasonableness of the barrier in place or Stokely’s level of intoxication, if any, at the
time of the incident. Accordingly, there was no evidence in the record to contradict
the allegations in Thurman’s pleadings, and the trial court’s findings on these issues
are unsupported by the pleadings or the evidence before it. 
          We sustain Thurman’s third issue and now examine the issue of whether the
County has waived its immunity under the Act for Thurman’s claims. 
          Waiver of Immunity
          The County is a governmental entity entitled to sovereign immunity. However,
under the Act, a state entity can waive its sovereign immunity under limited
circumstances. The Act does not abolish sovereign immunity, and we must look to
the terms of the Act to determine the scope of its waiver. Univ. of Tex. Med. Branch
v. York, 871 S.W.2d 175, 177 (Tex. 1994). Specifically, the Act waives sovereign
immunity for “personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law.” Tex. Civ. Prac. & Rem. Code §
101.021(2) (Vernon 2005). 
          “Texas courts have long struggled to define the limits of ‘use’ and ‘condition’
which serve to waive immunity under the Texas Tort Claims Act.” Tex. State
Technical College v. Beavers, 218 S.W.3d 258, 261 (Tex. App.—Texarkana 2007,
no pet.). If a claim alleges a condition or use of tangible personal property, the
plaintiff must allege that the property did more than merely furnish the condition that
makes the injury possible—the plaintiff must allege that the property was a direct
factor in causing the injuries. Dallas County Mental Health & Mental Retardation
v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). Allegations of failure to use or non-use
of property are not actionable under the Act. See Tex. Dep’t of Criminal Justice v.
Miller, 51 S.W.3d 583, 587–88 (Tex. 2001) (distinguishing claims involving failure
to use, or non-use of property, which do not waive sovereign immunity, from claims
involving condition or use of tangible personal property, which do effect waiver);
LeLeuax v. Hamshire-Fannett Indep. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992)
(where student injured herself by jumping into rear door of an empty bus that had
been parked for some time, bus was not in “use” at the time of injury and thus
immunity not waived). In addition, a contention that better or safer property, such as
that with a “more effective safety feature” might have been provided is not sufficient 
to waive immunity because that claim is construed as one of non-use rather than
“use.” Tex. A & M Univ. v. Bishop, 156 S.W.3d 580, 584 (Tex. 2005). Similarly, 
“design decisions” are discretionary and exempt from the Act’s waiver of immunity. 
Tex. Civ. Prac. & Rem. Code Ann. § 101.056 (Vernon 2005); see, e.g., Univ. of
Texas Health Sci. Center at San Antonio v. Bruen, 92 S.W.3d 24, 26–28 (Tex.
App.—San Antonio 2002, pet. denied) (where plaintiff slipped and fell on ramp that
did not have handrails, university was immune from plaintiff’s claims regarding
design and failure to use). 
Was Amanda Thurman injured by a “use” or
“condition” of government property?

           On appeal, relying on the holdings in Lowe v. Texas Tech Univ., 540 S.W.2d.
297 (Tex. 1976), Robinson v. Cent. Tex. MHMR Ctr., 780 S.W. 2d 169 (Tex. 1989),
and Kerrville State Hosp. v. Clark , 923 S.W. 2d. 582 (Tex. 1996), Thurman argues
that his allegations of the lack of an integral safety component are sufficient to state
a claim that Amanda was injured by a use or condition of state property under the Act. 
Thurman contends that, under the Act, the County can waive its immunity if it
provides property—the Lynchburg Ferry—that lacks an integral safety component,
and the lack of that safety component led to a plaintiff’s injury and damages.
Thurman’s reliance on these cases is misplaced.          As Texas courts have held, an allegation that government property lacked an
integral safety component may be sufficient to waive sovereign immunity under the
Act only under very narrow circumstances. See Bishop, 156 S.W. 3d at 584; Beavers,
218 S.W. 3d at 264. As Thurman correctly notes, waiver of immunity due to the lack
of an integral safety component is limited to claims in which a plaintiff alleges that a
state actor has provided property that lacks an integral safety component and that the
lack of this component led to the plaintiff’s injuries. Beavers, 218 S.W.3d at 264. 
However, to show a waiver of immunity, the plaintiff must allege that the “integral
safety component” is entirely lacking rather than merely inadequate. Stated
conversely, supplying safety components that are inadequate, but not entirely lacking,
does not constitute a use of personal property as to waive immunity.” Id. (emphasis
added; citations omitted).


          A review of Thurman’s pleading reveals that the main thrust of his petition
relates to the alleged inadequacy of existing safety components for nighttime
operation of the ferry. In his petition, Thurman alleges that “both of Harris County’s
Lynchburg Ferries lacked the following integral safety components for nighttime
operation:
(a)Adequate lighting to prevent automobiles from driving or rolling
off of the end of the vessels into the water in the dark; and
 
(b)Safety barriers or guard rails to prevent automobiles from driving
or rolling off of the end of the vessels into the water in the dark.”
However, with respect to his allegation about the lighting, Thurman’s petition goes
on to describe in multiple ways how Amanda’s death was caused by “inadequate” and
“poor” lighting on the ferry.


 Likewise, with respect to his allegation about safety
barriers and guard rails, Thurman appears to allege that these were needed to prevent
Amanda’s death because the present barrier was inadequate —not because there was
entirely no barrier present. As Thurman’s petition further alleges, “The only barrier
at the far end of the ferry to prevent a vehicle from driving or rolling off into the
water was a small, wire cable, approximately 1/4 inch in diameter, with enough slack
that it allowed the Stokely vehicle to move under the cable into the water. . . . No
other warning or barriers were present.”(emphasis added)


 Such pleadings do not
waive the County’s statutory immunity to suit in this case. See Bishop, 156 S.W. 3d
at 584; Beavers 218 S.W. 3d at 264.  
          Nevertheless, citing State v. Tennison 509 S.W.2d 560 (Tex. 1974), and
Miranda, Thurman argues that the County’s immunity should be waived because he
has alleged that the County had notice of several prior similar accidents occurring on
the ferry before Amanda’s death. Thurman’s reliance on these cases for his argument
is also misplaced. These cases, unlike the case before us, involved allegations of
premises liability and waiver of immunity under 101.022 of the Act concerning
“Premises and Special Defects.” In this case, as noted above, Thurman has not
brought premises liability claims against the County nor has he sought to waive
immunity under this section of the Act. 
          Finally, however, we note that Thurman’s petition alleges that the County has
waived its immunity under the Act because the Ferry “is tangible property, which was
defective” by not being equipped with certain additional safety devices and the
County was negligent in operating the ferry at night without the use of these devices.
It is an established principle that, if a plaintiff’s pleadings do not affirmatively
demonstrate the trial court’s jurisdiction but do not affirmatively demonstrate
incurable defects in jurisdiction, the issue is one of pleading sufficiency and the
plaintiff should be afforded the opportunity to amend. Miranda, 133 S.W.3d at
226–27. We note that, since the City has refused to respond to Thurman’s discovery
requests on the grounds that it was immune, it is not clear from the record that
Thurman cannot prove any jurisdictional facts which might waive immunity in this
case. Depending on the content of the County’s discovery responses, these
jurisdictional facts may state a claim under the Act, and the jurisdictional defect we
have noted may be curable. County of Cameron v. Brown, 80 S.W.3d 549, 558–59
(Tex. 2002). Thurman’s petition is worded in such a way that it is an open question
whether he is alleging that the cable in question was in fact a barrier, and an
inadequate one at that, or whether he is actually alleging that a barrier is an integral
safety component of the ferry, and that the ferry in question completely lacked such
a barrier.


 Similarly, Thurman’s petition alleges that the ferry was the location of the
accident and appears to allege that Amanda’s death was the result of the County’s use
or operation of motor-driven equipment.


 In such circumstances, we remand for
further proceedings. Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804-05 (Tex. 1989);
Brown, 80 S.W.3d at 558–59. Conclusion
          We hold that the trial court erred in dismissing Thurman’s suit for lack of
jurisdiction under maritime principles. We further hold that, to the extent that
Thurman alleges that Amanda’s death resulted from the use of an inadequate barrier
or inadequate lighting aboard the Lynchburg Ferry, the County is immune from this
suit and the trial court did not have subject matter jurisdiction over Thurman’s claims.
However, because Thurman appears to allege, in the alternative, facts about the
County’s operation of motor-driven equipment and that no barrier existed (in contrast
to an inadequate one), and the County did not address these allegations in its
jurisdictional plea or special exceptions, we remand the cause for further proceedings.
                                                   



                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Hanks, Bland, and Wilson.