**Affirmed and Memorandum Opinion filed December 12, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00008-CV

---

## ROZLON THOMAS, Appellant

## V.

## HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL SYSTEM, AND HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-43662**

---

## M E M O R A N D U M   O P I N I O N

In 2014, appellees Harris County, Harris County Department of Education, Port of Houston Authority of Harris County, Harris County Flood Control District, Harris County Hospital District, City of Houston, Houston Independent School District, and Houston Community College System (collectively, "Harris County")

filed a delinquent tax suit on property owned in part by appellant Rozlon Thomas. After the matter was referred to a tax master for an evidentiary hearing, the trial court signed a final judgment in favor of Harris County.

Approximately three years later, Thomas filed a petition for bill of review to set aside the final judgment. Harris County filed a plea to the jurisdiction, which the trial court granted. For the reasons below, we affirm the dismissal of Thomas's petition for bill of review.

## BACKGROUND

Harris County filed an original petition in 2014, seeking to collect unpaid taxes owed on a piece of residential property in north Houston. The petition named 14 defendants, including Thomas. Thomas filed an answer to the petition, asserting that she paid the delinquent taxes owed on the property and had continued to pay the tax assessments in a timely manner.

The tax master set the matter for an evidentiary hearing and notice of the hearing was sent via certified mail to the address listed on Thomas's answer. The notice was returned to the sender and marked "unclaimed, unable to forward." Following the evidentiary hearing, the tax master signed a report finding that approximately $12,000 in delinquent taxes were owed on the residential property. The trial court signed a final judgment on March 30, 2016, incorporating the tax master's findings.

In June 2019, Thomas filed a "Bill of Review to Set Aside the Final Judgment and a New Trial with Sanctions and Exemplary Damages Against Angelica Hernandez[1] for Fraud on the Court." Thomas alleged the tax master committed numerous errors in the proceedings and asserted that "[t]he Tax Court

---

[1] Hernandez is one of the attorneys that represented Harris County in the underlying delinquent tax proceedings.

2

conducts a kangaroo court which constitutes extrinsic fraud upon the court."

Harris County responded with a plea to the jurisdiction and asserted that two bases warranted the dismissal of Thomas's petition: (1) sovereign immunity, and (2) mootness. With respect to mootness, Harris County pointed out that a "Release of Judgment" had been filed in the underlying delinquent tax proceedings. Therefore, "[b]ecause the Taxing Authorities no longer have the power or right to execute on the judgment of which [Thomas] complains, a controversy no longer exists and the extant cause of action should be dismissed for that reason."

The trial court scheduled a hearing on Thomas's petition for bill of review and Harris County filed a "Response to Trial Preparation Order." In its response, Harris County asserted that Thomas paid the outstanding taxes owed on the residential property in August 2016. Harris County attached as evidence an "Acknowledgement of Satisfaction of Judgment Lien and/or Abstract of Judgment" filed in the underlying delinquent tax proceeding. The Acknowledgment states that the 2016 final judgment for recovery of delinquent taxes was "paid and satisfied" and, accordingly, any abstract of the judgment lien was "extinguished." Pointing to this Acknowledgment, Harris County argued that the taxing authorities "no longer have the power or right to execute on the judgment of which [Thomas] complains," rendering the underlying action moot.

The hearing was held in December 2022 and both parties appeared.[2] Afterwards, the trial court signed an "Order Granting Final Plea to the Jurisdiction and Dismissing Suit with Prejudice to Refiling and in the Alternative, Take Nothing Judgment After Non-Jury Trial." Thomas filed a notice of appeal.

---

[2] A reporter's record of the hearing was not included as part of the appellate record.

## ANALYSIS

Thomas represented herself *pro se* in the bill of review proceeding and continues to do so on appeal. Although we construe *pro se* briefs liberally, *pro se* appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Reule v. M & T Mortg.*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Liberally construed, Thomas's appellate brief raises two issues:

1. The tax master "violate[d] Tex. Tax Code rules and procedures denying [Thomas's] due process rights."
2. The trial court erred in granting Harris County's plea to the jurisdiction.

However, because Thomas fails to challenge the specific grounds raised in Harris County's jurisdictional plea, we overrule her issues on appeal and affirm the trial court's order.

The review of an order sustaining a plea to the jurisdiction and dismissing the case is limited to matters actually presented to the trial court. *City of Mont Belvieu v. Enter. Prods. Operating, LP*, 222 S.W.3d 515, 519 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Accordingly, in an appeal from a jurisdictional plea, the appellant "must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Id*. (internal quotation omitted).

As stated above, Harris County's plea to the jurisdiction asserted that Thomas's petition should be dismissed because the underlying matter was moot. To support this argument, Harris County filed an "Acknowledgement of Satisfaction of Judgment Lien and/or Abstract of Judgment" showing that the outstanding taxes assessed in the 2016 final judgment had been paid in full.

A case is moot when the court's action on the merits cannot affect the parties' rights or interests. *Metro. Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 493 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Under the mootness doctrine, courts must avoid rendering advisory opinions by only deciding issues that present a live controversy at the time of the decision. *Id.* Accordingly, if a case is or becomes moot, the court must dismiss the case for want of jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012).

In similar cases, courts have held that the satisfaction of delinquent taxes renders moot a subsequent challenge to the underlying assessment of those taxes. *See, e.g.*, *Alhadi v. Grand Lakes Mun. Util. Dist. #2*, No. 01-21-00551-CV, 2022 WL 1182834, at *2 (Tex. App.—Houston [1st Dist.] Apr. 21, 2022, no pet.) (mem. op.) (per curiam) (the appellant's challenge to the final judgment granting tax liens was moot after the property "was sold at a public auction in an amount sufficient to satisfy the tax liens"); *Goad v. Cnty. of Guadalupe*, No. 04-14-00497-CV, 2016 WL 402332, at *1-2 (Tex. App.—San Antonio Feb. 3, 2016, pet. denied) (mem. op.) (an appeal from a judgment for delinquent taxes was moot "due to voluntary satisfaction of the judgment"); *Overdeer v. Travis Cnty.*, No. 03-05-00179-CV, 2005 WL 2650144, at *1 (Tex. App.—Austin Aug. 16, 2005, no pet.) (mem. op.) ("As a general rule, a judgment debtor's voluntary payment and satisfaction of an adverse judgment moots the controversy, waives the debtor's right to appeal, and requires dismissal of the case."); *F.D.I.C. v. Spring Branch Indep. Sch. Dist.*, No. B14-91-00899-CV, 1992 WL 117402, at *1 (Tex. App.—Houston [14th Dist.] June 4, 1992, no writ) (not designated for publication) (holding that voluntary payment of taxes, penalties, and interest owed by judgment debtor satisfied all relief requested in the trial court, thereby disposing of the controversy and rendering the matter moot).

Here, Thomas failed to address mootness both in the trial court and on appeal. Even construed liberally, Thomas's challenges fail to "attack all independent bases or grounds" asserted in the jurisdictional plea. *See City of Mont Belvieu*, 222 S.W.3d at 519; *see also* Tex. R. App. P. 38.1(i). Based on our review of the record and the relevant case law cited above, Harris County's argument and evidence addressing mootness are sufficient to support the trial court's order granting the plea to the jurisdiction. *See City of Mont Belvieu*, 222 S.W.3d at 519; *see also, e.g.*, *Alhadi*, 2022 WL 1182834, at *2; *Goad*, 2016 WL 402332, at *1-2; *Overdeer*, 2005 WL 2650144, at *1; *F.D.I.C.*, 1992 WL 117402, at *1. Therefore, because this ground fully supports the trial court's order granting Harris County's jurisdictional plea, Thomas failed to show that the trial court's order constitutes error. *See City of Mont Belvieu*, 222 S.W.3d at 519.

In her petition for bill of review, Thomas also requested that Harris County's attorneys be sanctioned "to deter them from ever violating anybody else's [F]ourteen[th] amendment rights under the Constitution." The record does not indicate that the trial court ruled on this request and, in her appellate brief, Thomas does not raise any arguments with respect to her request for sanctions. Therefore, Thomas failed to preserve this issue for appellate review and the trial court's presumed denial of her request for sanctions does not constitute an abuse of discretion. *See* Tex. R. App. P. 38.1; *K. Griff Investigations, Inc. v. Cronin*, 633 S.W.3d 81, 96 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("We review a trial court's award or denial of sanctions for an abuse of discretion.").

We overrule Thomas's issues on appeal.

## CONCLUSION

We affirm the trial court's December 7, 2022 "Order Granting Final Plea to the Jurisdiction and Dismissing Suit with Prejudice to Refiling and in the

6

Alternative, Take Nothing Judgment After Non-Jury Trial."

/s/    Meagan Hassan
Justice

Panel consists of Justices Hassan, Poissant, and Wilson.