The CITY OF BEAUMONT, Appellant,

v.

Kirkland JONES, dba Anthony Cemetery, Appellee.

No. 8042.

Court of Civil Appeals of Texas, Beaumont.

Oct. 27, 1977.

Rehearing Denied Nov. 17, 1977.

George Phair, Beaumont, for appellant.

Lindsey Walker, Beaumont, for appellee.

DIES, Chief Justice.

Anthony Cemetery was established in about 1867, and it is now in the corporate limits of Beaumont, a Home Rule City. In July 1975 Kirkland Jones purchased Lots 7 and 8 of the Morris Addition to the City of Beaumont which is adjacent to the cemetery. The deed was to Jones individually, but he testified he took it as trustee for the cemetery. He is the grandson of the original founder and the leader of the family group now operating the cemetery.

Lots 7 and 8 when purchased by Jones were zoned R-3 by the City of Beaumont. In addition to single family dwellings permitted by an R-1 Zone, "*Neighborhood establishments of the general character and type* as the following are permitted": (Emphasis Supplied) Then follow a long list of permitted uses. A cemetery is not listed.

The cemetery contends it has the right to use the two lots in question as a part of the cemetery. The City sought an injunction to prevent this.

In a nonjury trial, the court held with the cemetery from which the City of Beaumont perfects this appeal.

The City's first point contends, "The trial court erred in holding that the City of Beaumont does not have authority to regulate the expansion or operation of cemeteries through its zoning ordinance."

■ Art. 912a–24 of Tex.Rev.Civ.Stat. Ann. (1963) provides in part:

"It shall be unlawful for any person, company, corporation, or association to establish or use for burial purposes any graveyard or cemetery . . . located . . . within, or within less than four (4) miles from, the incorporated line of any city of not less than one hundred thousand (100,000) nor more than two hundred thousand (200,000) inhabitants . . . provided that where cemeteries have heretofore been used and maintained within the limits hereinabove set forth, and additional lands are required for cemetery purposes, land adjacent to said cemetery may be acquired by the cemetery association . . . to be used as an addition to such cemetery, and the use of said additional land for such purposes shall be exempt from the provisions of this Section . . . ." (emphasis supplied)

Does this statute prohibit the City of Beaumont from regulating the use of land by zoning adjacent to the originally dedicated cemetery? We think not. The City of Beaumont is a Home Rule City, deriving its legislative power from Tex.Const. art. XI, § 5, and Tex.Rev.Civ.Stat.Ann. art. 1175 § 34 (1963). In Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282, 286 (1948), the Court said:

"It was the purpose of the Home Rule Amendment, Art. XI, Sec. 5, and the enabling statutes, supra, to bestow upon . . . cities . . . full power of self-government, that is, full authority to do anything the legislature could theretofore have authorized them to do."

This is an authority to promulgate zoning ordinances regulating the use of property for certain purposes in aid of the general welfare, safety, and public health and morale of the community. City of Bellaire v. Lamkin, 159 Tex. 141, 317 S.W.2d 43 (1958).

This authority is subject to the limitation that no ordinance can be legally enacted by a city which conflicts or is inconsistent with a state statute. Royer v. Ritter, 531 S.W.2d 448 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

■ The State's entry into a field of legislation does not automatically preempt that field from city regulation. City of Weslaco v. Melton, 158 Tex. 61, 308 S.W.2d 18 (1957). A general law and a city ordinance will not be held repugnant to each other if any reasonable construction upholding both can be reached. City of Houston v. Reyes, 527 S.W.2d 489, 494 (Tex.Civ.App. —Houston [1st Dist.] 1975, writ ref'd n. r. e.). In City of Beaumont v. Fall, 116 Tex. 314, 291 S.W. 202, 206 (1927), the rule is thus stated:

"Of course, a general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached. In other words, both will be enforced if that be possible under any reasonable construction . . . .."

In Louder v. Texas Liquor Control Board, 214 S.W.2d 336 (Tex.Civ.App.—Beaumont 1948, writ ref'd n. r. e.), the City of Port Arthur in May 1948 annexed two adjacent areas in which appellants were lawfully engaged in the sale of liquors. In effect was a zoning ordinance setting forth the areas within Port Arthur where liquors could be sold. It did not include the annexed area. The court held the city ordinance was valid in the annexed area.

In Long v. City of Fort Worth, 333 S.W.2d 644 (Tex.Civ.App.—Fort Worth 1960, no writ), the City sought to enjoin the defendant from operating a beauty shop in her home in violation of its zoning ordinance. Tex.Penal Code Ann. art. 734b (since repealed) made it unlawful for a person to operate a beauty shop unless it was a bona fide establishment with a permanent and definite location, but further qualified the prohibition that "provided, a person may have a shop in his or her home where the requirements, provisions and sanitary rules of this act are complied with."

Defendant claimed this inconsistency negated the ordinance prohibition.

The court held that the ordinance intended to prohibit persons who might desire to operate beauty shops in their homes from so doing in the event such homes were zoned so as to prohibit such use, and thus did not conflict with the intent of the statute, which was merely to allow home beauty shops under the penal article unless prohibited by some other statute or ordinance.

The Cemetery urges that we are bound by our previous holding in *Royer v. Ritter*, 531 S.W.2d 448 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.). There a city ordinance prohibited package stores within the city limits from engaging in business on four days when, under the Texas Liquor Control Act, they would be authorized to operate; and on other days the ordinance required that the package stores close at 8 P.M. when the State Act permits them to remain open until 9 P.M.

There we were confronted with an ordinance clearly inconsistent with State law. Justice Keith (in the concurring opinion at 450) succinctly stated the error when saying, "Beaumont's attempt to make unlawful that which is lawful under the Act is therefore inconsistent with and contrary to a general law of the State and invalid."

We construe *Tex.Rev.Civ.Stat.Ann. art. 912a–24 (1963)* to provide that cemeteries used and maintained in city limits before the effective date of the act may acquire additional lands for cemetery purposes, where a city ordinance does not prohibit such a use of such acquired land. This point is sustained.

City's next and last point is "the trial court erred in holding that the zoning ordinance of the City of Beaumont permits the establishment and operation of cemeteries in all classified zones."

*Tex.Rev.Civ.Stat.Ann. art. 912a–24 (1963)*, in part, provides:

" . . . and further provided that the establishment or use of a columbarium by any organized religious society or sect as a part of or attached to the principal church building owned by such religious society or sect, and within the limits hereinabove set forth, shall not be unlawful, and shall be exempt from the provisions of this Section."

The court found:

"The zoning ordinances of the City of Beaumont permit the establishment and operation of cemeteries in all classified zones as under the definition of Zone R–1 a church, which is authorized to operate a columbarium, is the only related use specified."

■ The argument Cemetery makes here is that since churches are permissible uses in any zone in the city, and since *Tex.Rev. Civ.Stat.Ann. art. 912a–24 (1963)* excludes columbariums which are attached to churches from the prohibition provisions against cemeteries, and since a columbarium is a form of cemetery, then any cemetery can lawfully exist anywhere in the City of Beaumont.

We do not follow this reasoning. There is no church on any of this property. A "columbarium" and a "cemetery" have different definitions. See *Tex.Rev.Civ.Stat. Ann. art. 912a–1 (1963)*.[1] Because an established church anywhere in the City of Beaumont could lawfully maintain a "columbarium" does not mean that a "columbarium" (which is not defined as a "cemetery") can exist without the church. City's last point is sustained.

The trial court having abused its discretion in denying the City's application for the injunction, we reverse the judgment

1. "Cemetery" is . . . a place dedicated to and used and intended to be used for the permanent interment of the human dead. It may be either a burial park for earth interments; a mausoleum for vault or crypt interments, a crematory, or crematory and columbarium for cinerary interments, or a combination of one or more thereof.

"Columbarium" is defined by the same article as: . . . a structure or room or other space in a building or structure of most durable and lasting fireproof construction or a plot of earth, containing niches, used, or intended to be used, to contain cremated human remains."

and remand the cause to the trial court with instructions to grant the relief sought by the City to prevent the use of the lots for cemetery purposes.

The judgment of the trial court is REVERSED, and the cause is REMANDED with instructions.