Mr. Sam Kelley Commissioner Consumer Credit Commission 1011 San Jacinto Boulevard Austin, Texas 78768
Re: Are provisions of Corpus Christi city code regulating pawnships inconsistent with section 10(b) of article 5069, V.T.C.S.
Dear Mr. Kelley:
You have requested our opinion as to whether the Corpus Christi Code of Ordinances [hereinafter "the code"] is in conflict with or is inconsistent with the Texas Pawnshop Act, article 5069-51.01 et seq., V.T.C.S., [hereinafter "the act"]. You inquire with respect to two provisions of the code as it regulates the pawnbroker business in Corpus Christi.
You first direct our attention to two provisions of the act. Article 5069-51.10(b) lists the information that a pledgor must give to the pawnbroker and which must appear on a pawn ticket:
 The pawnbroker, at the time the pawn transaction is entered, shall deliver to the pledgor a memorandum or ticket on which shall be clearly set forth the following:
. . . .
 (b) The name and address of the pledgor and the pledgor's description or the distinctive number from pledgor's driver's license or military identification. . . .
V.T.C.S. art. 5069, § 51.10(b).
Article 5069-51.16(e) specifies when and how a pledgor may redeem property from a pawnbroker:
A pawnbroker shall not:
. . . .
 (e) Fail to return pledged goods to a pledgor upon payment of the full amount due the pawnbroker on the pawn transaction. In the event such pledged goods are lost or damaged while in the possession of the pawnbroker it shall be the responsibility of the pawnbroker to replace the lost or damaged goods with like kind(s) of merchandise. All such replacements are subject to the approval or rejection of the Commissioner.
You then direct our attention to two provisions of the code. As does article 5069-51.10(b) of the act, section 37-2 of the code lists information that a pledgor must give to the pawnbroker; this information, however, is for the pawnbroker's own records and not for printing on the pawn ticket.
It shall be the duty of every pawnbroker or secondhand dealer in the city, whether such pawnbroker or secondhand dealer is a resident or itinerant business, to keep a book, in a form approved by the chief of police, in which shall be legibly written in ink at the time of each loan or purchase an accurate account and description in the English language of all secondhand items pawned, pledged or purchased, the amount of money loaned thereon, or paid therefor, the date of pledging or purchasing of the same, the rate of interest to be paid on such loan, the name, residence address and telephone number of the person pawning, pledging or selling the items and an accurate description, including proof of identity, of the person pawning, pledging, or selling the items. A numbered identification shall be required for proof of identity and such numbered identification shall have a photograph for verification except where the pawnbroker or secondhand dealer has personal knowledge of the identity of the person pawning, pledging or selling the items. No entry made in such book shall be erased, obliterated or defaced. All such records shall be kept on file by the pawnbroker or secondhand dealer for a period of two (2) years. (Ord. No. 16140 1/2, § 1, 4-1-81).
As does article 5069-51.16(e) of the act, section 37-4 of the code deals with the pledgor's redemption of personal property from the pawnbroker.
No personal property received by a pawnbroker or secondhand dealer on deposit or pledge or by purchase shall be permitted to be redeemed or removed from the place of business of such pawnbroker or secondhand dealer or from the City of Corpus Christi for a period of seventy-two (72) hours after the close of business on the date such item shall have been received by such pawnbroker or secondhand dealer, nor shall any such property be altered in any way or have any identifying markings, names or numbers altered or obliterated during such time. Where any pawnbroker or secondhand dealer finds that such period will work a hardship or constitute an undue burden, he may so notify the chief of police or his designated representative in writing of his need to act and that the item or items are available for inspection. Upon inspection and release of the item or items by an officer of the police division or the lapse of twelve (12) hours from the receipt by the chief of police or his designated representative of the required notification, the seventy-two-hour waiting period shall be deemed to have been satisfied. (Ord. No. 16140 1/2, § 1, 4-1-81; Ord. No. 17355, § 1, 11-10-82).
Your inquiry concerns the relative authority of the code and the act with respect to the pawnbroker's business in the city of Corpus Christi. In answering your question, we note that a home rule city such as Corpus Christi derives its powers not from the legislature but from the Texas Constitution. Article XI, section 5, of the constitution permits a city to enact ordinances which are neither inconsistent with nor in conflict with the constitution or the general statutes of the state of Texas. Tex. Const. art. XI, § 5. Article 1165, V.T.C.S., contains a similar limitation on a home rule city's powers; see also City of Beaumont v. Jones, 560 S.W.2d 710 (Tex.Civ.App.-Beaumont 1977, writ ref'd n.r.e.). However, we also note that
 [t]he entry of the state into a field of legislation . . . does not automatically preempt that field from city regulation; local regulation, ancillary to and in harmony with the general scope and purpose of the state enactment, is acceptable.
City of Brookside Village v. Comeau, 633 S.W.2d 790, 796 (Tex. 1982).
Our scrutiny of the questioned code provisions should be made in light of the expressed purposes of the Texas Pawnshop Act as stated in article 5069-51.01A below:
The making of pawn loans and the acquisition and disposition of tangible personal property by and through pawnshops vitally affects the general economy of this state and the public interest and welfare of its citizens. To prevent frauds, unfair practices, discriminations, impositions, and abuses of the citizens of the state, it is the policy of this state and the purpose of the Texas Pawnshop Act to:
 (1) exercise the state's police power to ensure a sound system of making pawn loans and acquiring and disposing of tangible personal property by and through pawnshops and to prevent unlawful property transactions, particularly in stolen property, through licensing and regulating pawnbrokers and certain persons employed by or in pawnshops;
 (2) provide for licensing fees, investigation fees, and minimum capital requirements of licensees;
(3) ensure financial responsibility to the state and the public;
 (4) ensure compliance with federal, state, and local laws, rules, regulations, and ordinances; and
 (5) assist local governments in the exercise of their police power.
 It is clear by subsections 4 and 5 of article 5069-51.01A that the legislature did not intend to preempt the field of pawnshop/pawnbroker regulation. Accordingly, following the ruling in City of Brookside Village, supra, if the questioned provisions of the Corpus Christi Code of Ordinances are ancillary to and in harmony with the general scope and stated purposes of the Texas Pawnshop Act, those provisions of the code are permissible.
 In our opinion, section 37-2 of the Corpus Christi Code of Ordinances is permissible. Section 37-2 is strictly a recordkeeping requirement which applies to both pawnbrokers and secondhand dealers in the city of Corpus Christi. It is our opinion that this section of the code does not conflict with but merely elaborates on the rather vague recordkeeping requirements provided in article 5060-51.09 of the Texas Pawnshop Act. This section of the act requires only that each licensee shall keep, consistent with accepted accounting practices, adequate books and records relating to the licensee's pawn transactions. . . .
V.T.C.S. art. 5069-51.09. Section 37-2 of the code goes further and specifies the particular information which must appear in the records of pawnbrokers and secondhand dealers in the city of Corpus Christi.
It is important to note that there is more than one purpose in requiring identification in a pawn transaction in keeping with the express purposes of the Pawnshop Act. Identification may be required to ensure that the proper person receives the pawned goods upon redemption — "to ensure a sound system of making pawn loans and acquiring and disposing of tangible personal property." Further, identification may be required to assist law enforcement authorities in locating a person who has pawned stolen property or to hamper thieves in the disposition of stolen goods — "to prevent unlawful property transaction, particularly in stolen property." Article 5069-51.10(b) of the act effectuates the first purpose, and section 37-2 of the code the second. They are neither inconsistent nor conflicting, and the code provision is in harmony with and promotes the purposes of the act.
Your question to us specifically addresses the possibility of a conflict between section 37-2 of the code and article 5069-51.10(b) of the act. Although both sections require that a pledgor give certain information about himself to the pawnbroker, the code is concerned with the information that must appear in the pawnbroker's own records, while the act is concerned with the information that must appear on the pawn ticket. Since the two sections regulate two different areas — pawnbroker records and pawn tickets — there is no direct conflict; further, since the two sections require very similar information — identity of the pledgor and various proofs of this identity — there is no inconsistency.
In our opinion, section 37-4 of the Corpus Christi Code of Ordinances conflicts with article 5069-51.16(e) of the Texas Pawnshop Act, and the code provision is thereby unenforceable. Section 37-4 of the code states that
 [n]o personal property received by a pawnbroker or secondhand dealer on deposit or pledge or by purchase shall be permitted to be redeemed or removed from the place of business of such pawnbroker or secondhand dealer or from the city of Corpus Christi for a period of seventy-two (72) hours after the close of business on the date such item shall have been received by such pawnbroker or secondhand dealer. . . .
Article 5069-51.16(c) of the act clearly prohibits the pawnbroker from failing "to return pledged goods to the pledgor upon payment of the full amount due the pawnbroker. . . ." Section 37-4 of the code, insofar as it applies to pawnbrokers and pawn transactions, clearly conflicts with article 5069-51.16(e) of the act since the former disallows redemption by the pledgor for 72 hours even if the pledgor is willing to repay the full amount of his pawn loan.
 SUMMARY
Section 37-2 of the Corpus Christi Code of Ordinances does not conflict the Texas Pawnshop Act. Section 37-4 of the Corpus Christi Code of Ordinances does conflict with the Texas Pawnshop Act.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General