**B & B VENDING CO., Appellant,**

**v.**

**CITY OF GARLAND, Appellee.**

**No. 12–84–0103–CV.**

Court of Appeals of Texas, Tyler.

May 22, 1986.

Rehearing Denied June 30, 1986.

Steven Swander, Price & Swander, Ft. Worth, for appellant.

Charles M. Hinton, Jr., City Atty., Karen Hayes Brophy, Hermon L. Veness, Jr., Asst. City Attys., Garland, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a declaratory judgment rendered in favor of the City of Garland.

B & B Vending Co. holds a valid general business license to exhibit coin-operated amusement machines in Texas. The company has contracted with Food Maker, Inc. to exhibit three video games at a Jack-In-The-Box Restaurant in Garland. The City has enacted an ordinance, however, that prohibits the location of skill or pleasure coin-operated machines within 300 feet of a church, school, hospital, *or residentially zoned property*. The restaurant in question, although within a retail zone, lies within 300 feet of residentially zoned property, but not within 300 feet of a church, school or hospital. The City has refused to issue a permit for video games to be exhibited at that location.

B & B sought declaratory judgment that City's Ordinance No. 3447 conflicts with Tex.Rev.Civ.Stat.Ann. art. 8814 (Vernon Supp.1986) and therefore is unconstitutional to the extent of its conflict with state law. Article 8814, captioned "apportionment of tax; tax levy by counties and cities," provides:

Except as herein provided in this Chapter, one-fourth (¼) of the net revenue derived from this Chapter shall be credited to the Foundation School Fund of the State of Texas and three-fourths (¾) of the net revenue derived from this Chapter shall be credited to the General Revenue Fund. Provided that all counties and cities within this State may levy an occupation tax on coin-operated machines in this State in an amount not to exceed one-fourth (¼) of the State tax levied herein. Further provided that all political subdivisions of this State shall, for zoning purposes, treat the exhibition of a music and skill or pleasure coin-operated machine as indistinguishable from the principal use to which the property where exhibited is devoted. This does not prohibit cities from restricting the exhibition of coin-operated amusement machines within three hundred (300) feet of a church, school, or hospital.

City sought declaratory judgment by counterclaim, alleging that art. 8814 is unconstitutional, because Tex.H.B. 1936, which amends the article, encompasses two distinct subjects in its title and text in violation of Tex. Const. art. III, § 35. Tex. H.B. 1936 is titled "AN ACT relating to the regulation of certain coin-operated amusement machines and billiard tables by counties, cities, and other political subdivisions and to the relationship of location of machines to zoning regulations." The text of section (2) of the bill is quoted above (as art. 8814).

The parties presented the case to the trial court on written stipulations of fact. The court ruled that the ordinance is in conflict with art. 8814; however, the court further ruled that art. 8814 is unconstitutional. According to the court, H.B. 1936 violates Tex. Const. art. III, § 35, because it covers two subjects, namely (1) taxing the operation of billiard tables and (2) restricting the zoning authority of municipalities. The court ordered that B & B take nothing and that City recover $2,000 as reasonable attorney fees. Both parties appeal from the judgment.

B & B presents one point of error, alleging that the trial court erred in declaring art. 8814 unconstitutional. City presents five cross-points of error. Cross-points one and five allege lack of jurisdiction of the trial court; cross-point two alleges that art. 8814, as mere general law, cannot restrict a home rule city; cross-points three and four allege that the trial court erred in holding that the ordinance is in conflict with art. 8814.

Tex. Const. art. III, § 35 reads as follows:

No bill ... shall contain more than one subject, which shall be expressed in its title. *But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.* (Emphasis added.)

■ We hold that the portion of art. 8814 limiting the zoning powers[1] of "all political subdivisions...." is clearly expressed in the title to Tex.H.B. 1936. Thus under the plain and unambiguous language of Tex. Const. art. III, § 35, that portion of art. 8814 is valid. *Arnold v. Leonard,* 114 Tex. 535, 273 S.W. 799 (1925). We express no opinion as to whether the remaining portions of art. 8814 are void since such determination is unnecessary to our decision in this case.

■ We next examine the ordinance to determine its validity. A home rule city has the authority to promulgate zoning ordinances regulating the use of property for certain purposes in aid of the general welfare, safety, public health, and morale of the community. *City of Beaumont v. Jones,* 560 S.W.2d 710, 711 (Tex.Civ.App.— Beaumont 1977, writ ref'd n.r.e.). The authority is subject to the limitation that no ordinance can be enacted that is inconsistent or conflicts with a state statute. *Id.* The Legislature may put such restrictions and provide the manner in which municipalities may exercise the delegation of this authority as it sees fit. *Lawton v. City of Austin,* 404 S.W.2d 648, 650 (Tex.Civ.App. —Austin 1966, writ ref'd n.r.e.).

■ Article 8814 provides that, for zoning purposes, coin-operated amusement machines shall be treated as having the same use as the principal use of the property where they are exhibited, with the exception that cities may restrict the location of such machines within three hundred (300)

feet of a church, school, or hospital. The ordinance goes beyond this exception and places an additional restriction prohibiting the location of such machines within three hundred (300) feet of residentially zoned property. We hold that insofar as the ordinance forbids the location of such machines within three hundred feet of residentially zoned property, it is in conflict with art. 8814. It is a familiar rule of statutory interpretation that an exception makes plain the intent that the statute should apply in all cases not excepted. *Federal Crude Oil Co. v. Yount-Lee Oil Co.,* 122 Tex. 21, 52 S.W.2d 56, 60 (1932).

We have considered and overrule all of City's cross-points.

The judgment of the trial court is reversed and declaratory judgment is rendered adjudging that the portion of art. 8814 relating to the location and regulation of coin-operated machines is constitutional and that the ordinance to the extent that it purports to prohibit the location of coin-operated amusement machines within three hundred (300) feet of residentially zoned property is void and unenforceable.

1. "Further provided that all political subdivisions of this State shall, for zoning purposes, treat the exhibition of a music and skill or pleasure coin-operated machine as indistinguishable from the principal use to which the property where exhibited is devoted. This does not prohibit cities from restricting the exhibition of coin-operated amusement machines within three hundred (300) feet of a church, school, or hospital."