COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-09-00187-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | Criminal District Court Number Two |
| SERGIO PORTILLO, | § | of Dallas County, Texas |
| Appellee. | § | (TC# F08-57810-I) |
| | § | |

## **O P I N I O N**

The State appeals from an order granting Appellee Sergio Portillo's motion to suppress evidence that was discovered during a search made incident to Portillo's arrest for failing to wear a bicycle helmet as required by Dallas's bicycle helmet ordinance. Portillo challenged the lawfulness of his arrest before the trial court by asserting that the Dallas ordinance was invalid and improperly enforced. We reverse.

## **BACKGROUND**

Justin McOsker, a Dallas Police Department officer, observed Sergio Portillo riding a bicycle without a protective helmet in violation of Dallas City Code Section 9.8(a) which provides, among other things, that a person commits an offense if he operates or rides a bicycle without wearing a helmet. Dallas, Tex., Dallas City Code ch. 9, art. II, § 9-8 (1996); Dallas, Tex., Ordinance No. 22764 (1996). Upon observing the violation, Officer McOsker made a traffic stop and arrested Portillo. Officer McOsker then conducted a pat down search incident to the arrest, and discovered that Portillo was in possession of cocaine.

Portillo filed a motion to suppress evidence which alleged, in part, that the Dallas bicycle

ordinance for which he was arrested is unconstitutional because it violates the Equal Protection Clause of the United States and Texas Constitutions and does not serve any governmental interest. At the suppression hearing, Portillo argued that the Dallas "ordinance is not equally enforced among all people," contended that there was no compelling governmental interest in requiring the public to wear helmets while operating a bicycle, and asserted that because state law permits the public in certain circumstances to ride motorcycles without the benefit of a helmet, the City of Dallas is preempted from requiring that bicyclists wear protective helmets.

The trial court granted Portillo's motion to suppress and in its Findings of Fact and Conclusions of Law stated:

> Sergio Portillo's counsel filed a motion to suppress, contending that the white, rock-like substance [cocaine] should be suppressed based on the unconstitutionality of the ordinance under which Sergio Portillo had been detained and arrested. Based on the legal merits of these arguments regarding the ordinance, the trial court concluded that suppression of the evidence was required under the law.

Appellant, the State of Texas, thereafter filed its timely notice of appeal. The City of Dallas submitted an *amicus curiae* brief. TEX. R. APP. P. 11.

## DISCUSSION

In a single issue, the State contends that the trial court erred by granting Portillo's motion to suppress evidence because the trial court improperly determined that Portillo's arrest was based upon an unconstitutional ordinance. We agree.

### Standard of Review

We review a trial court's ruling on a motion to suppress using the bifurcated standard of review articulated in *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997); *see Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Krug v. State*, 86 S.W.3d 764, 765 (Tex. App.–El Paso 2002, pet. ref'd); *Urquhart v. State*, 128 S.W.3d 701, 704-05 (Tex. App.–El Paso

2003, pet. ref'd). In a suppression hearing, the trial court is the sole finder of fact and may believe or disbelieve any of the evidence presented. *Alvarado v. State*, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993); *Pace v. State*, 986 S.W.2d 740, 744 (Tex. App.–El Paso 1999, pet. ref'd).

When a trial court files findings of fact and conclusions of law, the court's findings of fact will not be disturbed on appeal absent an abuse of discretion. *State v. Wood*, 828 S.W.2d 471, 474 (Tex. App.–El Paso 1992, no writ); *see also Cantu v. State*, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991) (trial court's findings should not be disturbed absent clear abuse of discretion). We afford almost total deference to the trial court's express or implied determination of historical facts and review *de novo* the court's application of Fourth Amendment search and seizure law to those facts. *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Carmouche*, 10 S.W.3d at 327; *Krug*, 86 S.W.3d at 765; *Urquhart*, 128 S.W.3d at 704-05. Such deference is also afforded to determinations of mixed questions of law and fact when their resolution depended on witness credibility and demeanor. *Ross*, 32 S.W.3d at 856. However, questions involving legal principles and the application of law to established facts are properly reviewed *de novo*. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004).

We restrict our analysis to Portillo's assertions that were considered by the trial court during the suppression hearing and begin by examining the powers bestowed upon home-rule cities. TEX. R. APP. P. 33.1; *see Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002); *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

The City of Dallas (Dallas) is chartered as a home-rule municipal corporation. TEX. CONST. art. XI, § 5; Dallas, Tex., Ch. II, § 2 (2005); TEX. LOC. GOV'T CODE ANN. § 5.004 (Vernon 2008) (providing that a municipality is a home-rule municipality if it operates under a municipal charter

that has been adopted or amended as authorized by Article XI, Section 5 of the Texas Constitution); *see Nelson v. City of Dallas*, 278 S.W.3d 90, 94 (Tex. App.–Dallas 2009, pet. denied). A home-rule city derives its powers from the Texas Constitution. TEX. CONST. art. XI, § 5; *Dallas Merchant's and Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490-91 (Tex. 1993); *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002). As a home-rule city, Dallas possesses the full power of self-government and looks to the legislature not for grants of power, but only for limitations on its power. TEX. LOC. GOV'T CODE ANN. § 51.071-51.072 (providing that a home-rule municipality has full power of local self government); *In re Sanchez*, 81 S.W.3d at 796; *Dallas Merchant's and Concessionaire's Ass'n*, 852 S.W.2d at 490-91. The powers of a home-rule city encompass all of the powers of the state not inconsistent with the Constitution, the general laws, or the city's charter. TEX. CONST. art. XI, § 5; *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007); *Proctor v. Andrews*, 972 S.W.2d 729, 733 (Tex. 1998). A city may, as a valid exercise of its police power, enact reasonable regulations for the purpose of promoting the health, safety, and general welfare of its people. *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex. 1982), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982); *City of College Station v. Turtle Rock Corporation*, 680 S.W.2d 802, 805 (Tex. 1984); *Ex parte Woodall*, 154 S.W.3d 698, 702 (Tex. App.–El Paso 2004, pet. ref'd).

An ordinance enacted by a home-rule city that attempts to regulate a subject matter preempted by state statute is unenforceable to the extent it conflicts with that statute. *Dallas Merchant's and Concessionaire's Ass'n*, 852 S.W.2d at 491; *Comeau,* 633 S.W.2d at 796; *City of Mont Belvieu v. Enterprise Products,* 222 S.W.3d 515, 520 (Tex. App.–Houston [14th Dist.] 2007, no pet.). That the legislature has enacted a law addressing a subject matter does not mean the legislature has completely preempted the subject matter so as to preclude municipal regulation.

*Dallas Merchant's and Concessionaire's Ass'n*, 852 S.W.2d at 491; *City of Richardson v. Responsible Dog Owners of Texas*, 794 S.W.2d 17, 19 (Tex. 1990); *City of Mont Belvieu,* 222 S.W.3d at 520. However, in order for a state statute to preempt a subject matter usually encompassed by municipal authority, the state statute must do so with unmistakable clarity. *In re Sanchez*, 81 S.W.3d at 796; *Dallas Merchant's and Concessionaire's Ass'n*, 852 S.W.2d at 491. When a court can reach a reasonable construction that leaves both in effect, a state law and a city ordinance will not be held repugnant to each other. *In re Sanchez*, 81 S.W.3d at 796. If there is no conflict, the ordinance is not void. *Responsible Dog Owners*, 794 S.W.2d at 19.

City ordinances are presumed valid. *In re Sanchez*, 81 S.W.3d at 796; *Comeau*, 633 S.W.2d at 792; *John v. State*, 577 S.W.2d 483, 485 (Tex. Crim. App. 1979); *Ex parte Woodall*, 154 S.W.3d at 701. The burden of showing that a city ordinance is invalid rests on the party attacking it. *John*, 577 S.W.2d at 485; *Ex parte Woodall*, 154 S.W.3d at 701. A party attacking an ordinance bears an "extraordinary burden" to show "that no conclusive or even controversial or issuable fact or condition existed" which would authorize the municipality's passage of the ordinance. *Comeau,* 633 S.W.2d at 792-93; *Ex parte Woodall*, 154 S.W.3d at 701. We consider all the circumstances and determine, as a substantive matter, if reasonable minds could differ as to whether an ordinance has a substantial relationship to the protection of the general health, safety, or welfare of the public. *Comeau*, 633 S.W.2d at 793; *Quick v. City of Austin*, 7 S.W.3d 109, 116-17 (Tex. 1998). If reasonable minds may differ as to whether a particular ordinance has a substantial relationship to the public health, safety, morals, or general welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid exercise of the City's police power. *Ex parte Woodall*, 154 S.W.3d at 701-02; s*ee also Quick*, 7 S.W.3d at 116-17. If the evidence reveals an issuable fact in this respect, the ordinance must stand. *Id.* at 702.

*Application of Law*

During the suppression hearing, Portillo argued that the Dallas bicycle helmet ordinance has no compelling governmental interest, is preempted by state law, and violates the equal protection clause, presumably of both the U.S. and Texas Constitutions. We examine each assertion in turn.

Portillo specifically complained to the trial court that there was no compelling governmental interest in requiring the public to wear helmets while operating a bicycle because state law permits the public in limited circumstances to ride motorcycles without the benefit of a helmet. The preamble to the Dallas bicycle helmet ordinance sets forth the reasons for the enactment of its provisions and they are: (1) bicycle-related head injuries are a serious public health problem; (2) although statistics show that helmets significantly reduce the risk of head injuries, many persons do not wear helmets when riding a bicycle or a device attached to a bicycle; and (3) the city council believes that mandating that all persons wear helmets when riding a bicycle or any device attached to a bicycle on public property will increase the number of persons who wear helmets, thereby reducing the number of head injuries in the city from bicycle-related incidents. Dallas, Tex., Ordinance No. 22764 (1996).

Considering all the circumstances before us, we find as a substantive matter, that reasonable minds may differ as to whether the bicycle helmet ordinance at issue has a substantial relationship to the protection, public health, safety, or general welfare of the public. *Quick*, 7 S.W.3d at 117. Consequently, no clear abuse of discretion has been shown and the enactment of the bicycle helmet ordinance was a valid exercise of the City's police power. *Ex parte Woodall*, 154 S.W.3d at 701.

Portillo next argued to the trial court that the Dallas bicycle helmet ordinance is invalid because it was constitutionally preempted by a state statute that regulates the wearing of helmets by persons who operate motorcycles. While the bicycle helmet ordinance is presumed valid, we have

considered whether the ordinance is preempted by the Constitution or general laws of the State of Texas and we find that it is not. The general laws of this state do, in part, regulate the operation of bicycles and motorcycles in the state, but there are none cited by Portillo that limit, with unmistakable clarity, a home-rule city's exercise of its powers to enact a bicycle helmet ordinance. TEX. CONST. art. XI, § 5; TEX. LOC. GOV'T CODE ANN. § 51.071-51.072; *see* TEX. HEALTH & SAFETY CODE ANN. Ch. 758 (Vernon 2003) (providing for bicycle safety education program and funding, and allowing, but not requiring, the purchase of bicycle helmets for children from low-income families); TEX. TRANSP. CODE ANN. §§ 541.201(2) and (9) (Vernon Supp. 2009) (defining bicycle and motorcycle); TEX. TRANSP. CODE ANN. Ch. 547, § 547.002 (Vernon Supp. 2009) (establishing vehicle equipment requirements and providing that unless specifically made applicable, Chapter 547 and the rules of the Department of Transportation adopted under the chapter do not apply to a bicycle, a bicyclist, or bicycle equipment); TEX. TRANSP. CODE ANN. Ch. 551 (Rules of the Road), §§ 551.101-551.105 (Vernon 1999) (establishing, among other things, the "rules of the road" for the operation of bicycles, including the requirement of braking, lighting, and reflective equipment); *In re Sanchez*, 81 S.W.3d at 796; *Dallas Merchant's and Concessionaire's Ass'n*, 852 S.W.2d at 490-91; *City of Galveston*, 217 S.W.3d at 469; *Proctor*, 972 S.W.2d at 733. Nor do we find, as Portillo suggested to the trial court, that the Dallas bicycle helmet ordinance conflicts with any of the general state laws that any party has raised in support of its position in this appeal. Because the Dallas bicycle helmet ordinance is not preempted by the Texas Constitution or the general laws of this state, and because it does not conflict with the general laws which govern bicycles and bicyclists, the ordinance is not void. *Responsible Dog Owners*, 794 S.W.2d at 19. Because the ordinance is not void, it is enforceable. *See Dallas Merchant's and Concessionaire's Ass'n*, 852 S.W.2d at 491; *Comeau,* 633 S.W.2d at 796; *City of Mont Belvieu,* 222 S.W.3d at 520.

During the suppression hearing, Portillo claimed that the Dallas bicycle helmet ordinance "is not equally enforced among all people" and, therefore, violates the equal protection clause. "The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." TEX. CONST. art. I, § 3 (Equal Rights); *Beeler v. Rounsavall*, 328 F.3d 813, 817 (5th Cir. 2003) and *Allred's Produce v. U.S. Dep't of Agric.*, 178 F.3d 743, 748 (5th Cir. 1999), *quoting Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). To successfully establish a claim of selective enforcement or prosecution violative of the equal protection clause, Portillo must have additionally established that his treatment was different and invidious, that is, he must have shown that the differential treatment was motivated by improper considerations such as race, religion, the interference with his exercise of a constitutional right, or another arbitrary classification. *Beeler*, 328 F.3d at 817; *see Oyler*, 368 U.S. at 456, 82 S.Ct. at 506 (selective enforcement violative of equal protection is that "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification"); *Gunnels v. City of Brownfield*, 153 S.W.3d 452, 464 (Tex. App.–Amarillo 2003, pet. denied); *Roise v. State*, 7 S.W.3d 225, 243 (Tex. App.–Austin 1999, pet. ref'd). Portillo does not argue that his arrest by Officer McOsker was motivated by improper considerations such as race, religion, or the interference of his exercise of a constitutional right. Because there are no facts in the record to show that enforcement of the ordinance as to Portillo was both different and invidious, we find that the trial court erred to the extent that its suppression of the evidence was based upon Portillo's equal protection-selective enforcement complaint at the suppression hearing.

Having determined that the enactment of the Dallas bicycle helmet ordinance is valid and that its enforcement as to Portillo was not constitutionally compromised, we now consider whether the trial court properly applied the law in suppressing the evidence at Portillo's suppression hearing.

A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). A search incident to an arrest permits officers to search a defendant, or areas within the defendant's immediate control, in order to remove any weapons that the arrestee may seek to use in order to resist arrest or effect escape. *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969); *see McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). An arresting officer may also search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. *Chimel*, 395 U.S. at 763, 89 S.Ct. at 2040; *see McGee*, 105 S.W.3d at 615.

Because Officer McOsker observed Portillo riding a bicycle without a helmet as required by the Dallas bicycle helmet ordinance, he was permitted to arrest Portillo for the ordinance violation and search Portillo incident to the arrest. *Chimel*, 395 U.S. at 763, 89 S.Ct. at 2040; *see McGee*, 105 S.W.3d at 615. Consequently, we find that the trial court clearly abused its discretion when it suppressed the evidence, here cocaine, which was the fruit of a lawful search conducted incident to a warrantless arrest for violation of a valid ordinance. *See Wood*, 828 S.W.2d at 474; *see also Cantu v. State*, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). Accordingly, we sustain the State's sole issue.

## CONCLUSION

The trial court's order granting the motion to suppress is reversed and the cause is remanded for further proceedings.

GUADALUPE RIVERA, Justice

April 30, 2010

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J. (sitting by assignment)

(Do Not Publish)

(Publish)