

# NUMBER 13-12-00063-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LANDRY ROUNTREE,**                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                   **Appellee.**

---

### On appeal from the County Court at Law No. 3
### of Jefferson County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant Landry Rountree appeals his conviction for violating a City of Beaumont municipal ordinance involving non-consent vehicle towing fees.  *See* Beaumont, Tex. Ordinance 98-64 (Oct. 6, 1998).   By one issue, Rountree asserts that he is entitled to an acquittal because the city ordinance under which he was convicted did not comply with section 2308.203 of the occupations code.   *See* TEX. OCC. CODE ANN. § 2308.203 (West

Supp. 2011).   We affirm.[1]

## I.   BACKGROUND[2]

The City of Beaumont set the maximum fee that a towing company could charge for non-consent towing[3] at $85.00 plus $25.00 for use of a dolly or roll-back tow.   *See* Beaumont, Tex. Ordinance 98-64 (Oct. 6, 1998).[4]   In July 2009, the State alleged that Rountree, who opened and operated a towing company, charged an excessive wrecker fee of $250.00 plus a $65.00 flatbed fee in violation of the maximum charges permitted under the ordinance.   Rountree was tried and convicted in Beaumont municipal court. Rountree then appealed his conviction for a trial de novo to the Jefferson County Court-at-Law No. 3.   *See* TEX. CODE CRIM. PROC. ANN. art. 44.17 (West 2006).

Prior to trial, Rountree filed a motion to dismiss asserting that the ordinance under which he was charged did not comply with section 2308.203 of the occupations code. *See* TEX. OCC. CODE ANN. § 2308.203.   The trial court declined to rule on the motion, and the prosecution moved forward.   A Jefferson County jury subsequently convicted Rountree of charging excessive towing fees, a misdemeanor.   *See* Beaumont, Tex. Ordinance 98-64 (Oct. 6, 1998); TEX. OCC. CODE ANN. § 2308.505 (West Supp. 2011). As punishment, the trial court assessed a fine of $400.   *See id*; TEX. LOC. GOV'T CODE

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

[3] By ordinance, "non-consent towing" means any tow conducted without permission of, or not at the direction of, the towed vehicles legal or registered owner, or such owners authorized representative. Beaumont, Tex. Ordinance 98-64 (Oct. 6, 1998).

[4] The City of Beaumont's non-consent towing fees have since been amended to $165 for vehicles 10,000 pounds or less.   *See* Beaumont, Tex. Ordinance 09-072.

ANN. § 54.001(b) (West 2008).   This appeal followed.

## II.   ENFORCEABILITY OF THE ORDINANCE

By his sole issue, Rountree asserts that he is entitled to an acquittal because ordinance 98-64 was not in compliance with section 2308.203 of the occupations code.[5]

### A.   Applicable Law

A municipal ordinance is presumed valid, and the party attacking it has the burden to show that it is invalid.   *See John v. State*, 577 S.W.2d 483, 485 (Tex. Crim. App. [Panel Op.] 1979); *Utter v. State*, 571 S.W.2d 934, 937 (Tex. Crim. App. [Panel Op.] 1978); *State v. Portillo*, 314 S.W.3d 210, 215 (Tex. App.—El Paso 2010, no pet.). Moreover, a municipal ordinance shall not be inconsistent with the Texas Constitution or the general laws enacted by the Texas Legislature.   *See* TEX. CONST. art. 11 § 5; *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 796 (Tex. 1982).   A statute and an ordinance are repugnant to each other only if no reasonable construction upholding both can be reached.   *See Gordon v. State*, 757 S.W.2d 496, 502 (Tex. App.—Houston [1st Dist.] 1988, writ ref'd); *City of Beaumont v. Jones*, 560 S.W.2d 710, 711 (Tex. Civ. App.—Beaumont 1977, writ ref'd n.r.e.).

### B.   Discussion

Rountree argues that the ordinance at issue does not include the required procedure to be used by towing companies to request that a towing study be performed to evaluate the need to increase the allowable fee for performing non-consent tows as

---

[5] The State argues that Rountree failed to preserve his complaint for appellate review.   *See* TEX. R. APP. P. 33.1.   We disagree. Rountree filed a pre-trial motion to dismiss arguing the same points on appeal, presented the motion to the trial court, and the trial court implicitly overruled his motion.   We conclude that this was sufficient preservation of error and will address Rountree's sole point on appeal.

required by section 2308.203. *See* TEX. OCC. CODE ANN. § 2308.203.[6] The State admits that the City of Beaumont did not have the required procedure mandated by section 2308.203 in place at the time that it enforced ordinance 98-64 against Rountree. However, the State argues that the City of Beaumont's non-compliance with section 2308.203 did not make the ordinance invalid, nor did it preclude the enforcement of ordinance 98-64 under occupations code section 2308.202. *See* TEX. OCC. CODE ANN. § 2308.202 (West Supp. 2011). We agree.

Texas Occupations Code Section 2308.202 states the following:

[A municipality] may regulate the fees that may be charged or collected in connection with a non[-]consent tow originating in the [municipality] if the private property tow fees:

(1) are authorized by commission rule; and

(2) do not exceed the maximum amount authorized by commission rule.

*Id.*

Our review finds no conflict between Ordinance 98-64, which derives its authority from section 2308.202 to regulate non-consent towing fees, and section 2308.203, which requires the City of Beaumont to set up procedures for a towing company to request a fee study, to render Ordinance 98-64 invalid and unenforceable. *See Gordon*, 757

---

[6] The pertinent statute states, in full, that:

    (a) The governing body of a political subdivision that regulates non[-]consent tow fees shall establish procedures by which a towing company may request that a towing fee study be performed.

    (b) The governing body of the political subdivision shall establish or amend the allowable fees for non[-]consent tows at amounts that represent the fair value of the services of a towing company and are reasonably related to any financial or accounting information provided to the governing body.

TEX. OCC. CODE ANN. § 2308.203 (West Supp. 2011).

4

S.W.3d at 502–03 (holding that an ordinance was not in conflict with state law); *Portillo*, 314 S.W.3d at 215. When we interpret statutes, we are to construe the statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended. *Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009). Where a statute is clear and unambiguous, the Legislature must be understood to mean what it expressed, and it is not for the courts to add or subtract from such a statute. *Id.* In this case, nothing in the language of sections 2308.202 or 2308.203(a) bars a municipality's authority to regulate non-consent towing fees due to a municipality's non-compliance with setting up a procedure for a towing company to request a fee study. *See* TEX. OCC. CODE ANN. §§ 2308.202–.203. Our interpretation of these two provisions does not lead to an absurd result that the legislature could not have intended, because it appears that the legislature made them independent, rather than dependent, from one another. *See Tapps*, 294 S.W.3d at 177. Therefore, we overrule Rountree's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
23rd day of August, 2012.

5